# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAULO RAMIREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 5272 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| STATE OF ILLINOIS DEPARTMENT OF ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On May 7, 2010, this Court granted a motion for summary judgment in favor of Defendant Illinois Department of Human Services and against Plaintiff Paulo Ramirez on Plaintiff's claim of discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (R. 64, Min. Entry; R. 65, Mem. Op. & Order.) Plaintiff appealed this Court's ruling on summary judgment, and on September 21, 2010, the Seventh Circuit dismissed his appeal pursuant to Federal Rule of Appellate Procedure 42(b). (R. 69, Notice of Appeal; R. 86, Order.) Presently before the Court is Defendant's bill of costs pursuant to Federal Rule of Civil Procedure 54(d). (R. 67, Def.'s Bill of Costs.) Defendant seeks $2,009.09 in total costs. (*Id.* at 1.) Specifically, Defendant requests $1,941.69 for deposition transcript costs and $67.40 for copying costs. (*Id.*) Plaintiff argues that costs should not be awarded because he is indigent and unable to pay the costs that Defendant seeks. (R. 82, Pl.'s Resp. at 2-3.) Alternatively, Plaintiff asks the Court to reduce the amount of costs by $88.75. (*Id.* at 3.) For the reasons stated below, the Court awards Defendant $1,950.34 in costs.

## LEGAL STANDARD

Pursuant to Rule 54(d), "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A district court may not tax costs under Rule 54(d), however, "unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-43 (1987)). The list of recoverable costs authorized under 28 U.S.C. § 1920 include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees . . . ; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . .

28 U.S.C. § 1920 (1)-(6).

Even if authorized by statute, however, "a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). In short, the determination of whether to tax costs against the losing party requires two inquiries: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that the taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir.

2

2005). The prevailing party then "carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). Ultimately, the decision of whether to award costs is within the Court's discretion. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

## ANALYSIS

### I. Whether Plaintiff is indigent

Plaintiff argues that Defendant's bill of costs should be denied in its entirety because he is indigent and unable to pay for any costs. (R. 82, Pl.'s Resp. at 2-3.) Plaintiff asserts that his inability to pay the relatively nominal filing fees and his inability to afford legal representation necessarily demonstrates his inability to pay costs. (*Id.*)

A losing party's inability to pay is an appropriate factor to consider when granting or denying taxable costs. *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). Although a court must be "[m]indful of the presumption that costs are to be awarded to the prevailing party under [Rule 54(d)], . . . this presumption may be overcome by a showing of indigency." *Id.* (internal citation omitted). Nonetheless, "indigence does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006). When ruling on a losing party's assertion that he is indigent and therefore unable to pay the prevailing party's costs, courts engage in a two-step analysis. *Id.* First, the Court "must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The losing party bears the burden of providing the Court with "sufficient documentation to support such a finding." *Id.* (quoting *Chapman v. Al Transport*, 229

3

F.3d 1012, 1039 (11th Cir. 2000)). "This documentation should include evidence in the form of an affidavit or other documentary evidence of income and assets, as well as a schedule of expenses." *Id.* Second, the Court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The Seventh Circuit has made clear "that the [indigence] exception is a narrow one." *Id.* at 636.

In support of his indigence claim, Plaintiff directs the Court's attention to the applications for leave to proceed in forma pauperis and the accompanying motions for appointment of counsel that he filed both at the start of this lawsuit on September 16, 2008, and when he appealed this Court's ruling on June 21, 2010. (R. 4, Appl. to Proceed In Forma Pauperis; R. 5, Mot. for Appointment of Counsel; R. 76, Mot. for Appointment of Counsel; R. 77, Appl. to Proceed In Forma Pauperis.) The Court granted both applications to proceed in forma pauperis, but as to his first application, the Court merely reduced Plaintiff's filing fee to $250; the Court found that he was able to pay this reduced amount due to his status as a homeowner and savings account holder. (R. 6, Min. Entry; R. 79, Min. Entry.) The Court granted Plaintiff's first motion for appointment of counsel, and denied his second motion without prejudice as to its renewal in the Court of Appeals. (R. 6, Min. Entry; R. 79, Min. Entry.)

Plaintiff argues that these motions demonstrating his "inability to pay for the relatively nominal filing fees and his inability to afford legal representation" are proof that he is unable to pay Defendant's costs. (R. 82, Pl.'s Resp. at 3.) The Court finds this argument unpersuasive. While a plaintiff proceeding in forma pauperis is exempt from paying filing fees, *see* 28 U.S.C. § 1915(a)(1), he or she nonetheless remains liable for paying the prevailing adversary's costs, *see* 28 U.S.C. § 1915(f)(1) (stating that when a party proceeds in forma pauperis, "[j]udgment may

4

be rendered for costs at the conclusion of the suit or action as in other proceedings"). Thus, the mere fact that Plaintiff proceeded in this lawsuit in forma pauperis and with an appointed attorney does not necessarily prove that he is indigent and unable to pay Defendant's costs. *See McGill*, 18 F.3d at 458 (awarding costs even though the unsuccessful litigant had been allowed to proceed in forma pauperis); *Gonzalez v. Houlihan's Rests., Inc.*, No. 05 C 7193, 2010 WL 1664931, at *6 (N.D. Ill. Apr. 23, 2010) ("An award of costs is proper even when the unsuccessful litigant had been allowed to proceed *in forma pauperis*.").

The Court has also examined the financial affidavits accompanying Plaintiff's applications to proceed in forma pauperis and concludes that the information provided is not sufficient to support a finding of indigency. In his 2008 financial affidavit, Plaintiff attested that he had been unemployed since July 28, 2006, and was receiving disability income in the amount of $1,200 per month. (R. 4, Appl. to Proceed In Forma Pauperis at 1-2.) He also attested that his wife had a monthly income of $1,000. (*Id.* at 1.) He further attested that he and his wife owned a home valued at $280,000, and that he had a savings account in the amount of $2,500. (*Id.* at 2.) In his 2010 financial affidavit, Plaintiff attested that he remained unemployed since filing his previous affidavit, but that his social security income had increased to $1,220 per month, and his wife's income had increased to $1,200 per month. (R. 77, Appl. to Proceed In Forma Pauperis at 1-2.) He also attested that he received additional rental income of $700 per month, that his savings account remained at $2,500, and that he owned a car valued at $700.[1] (*Id.* at 2-3.) While the Court recognizes Plaintiff's limited means due to his current state of unemployment, Plaintiff's assets—his savings, property, and car—weigh against a finding of indigency. *See Rivera*, 469 F.3d at 636-37 (rejecting claim of indigency where plaintiff was a single mother of

---

[1] These figures represent this Court's best approximation of the numbers provided in the affidavits, which were filled out by hand.

5

four children with a monthly income of $1,800, no real estate or other assets, and no source of child support payments); *Falcon v. City of Chi.*, No. 98 C 4028, 2000 WL 1231403, at *1 (N.D. Ill. Aug. 28, 2000) ("the losing party must demonstrate actual indigency, not merely limited financial resources").

Further, Plaintiff has provided the Court with no other documentary evidence of his income and assets beyond these affidavits, nor has he provided a schedule of his expenses. *See Rivera*, 469 F.3d at 635 ("Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances."). Without more evidentiary support, the Court cannot find that Plaintiff is currently unable to pay costs. *See Huerta v. Vill. of Carol Stream*, No. 09 C 1492, 2013 WL 427140, at *2 (N.D. Ill. Feb. 4, 2013) (denying unemployed plaintiff's indigency claim because he failed to submit a schedule of his expenses or any documentation other than an affidavit); *Lewis v. City of Chi.*, No. 04 C 6050, 2012 WL 6720411, at *3 (N.D. Ill. Dec. 21, 2012) (Castillo, J.) (finding that because plaintiff did not provide a schedule of expenses or any other documentary evidence of her income or assets, she failed to provide sufficient documentation to support her indigency claim).

Additionally, Plaintiff has not provided any evidence to prove that he will be unable to pay costs in the future. *See McGill*, 18 F.3d at 459-60 (affirming the district court's taxation of costs on the non-prevailing plaintiff claiming indigency because the Seventh Circuit was "not convinced on the record that [the plaintiff] will not ever be able to pay the order imposing costs"); *Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *4 (N.D. Ill. Apr. 8, 2008) (concluding that plaintiff was not indigent because he had not provided the court with sufficient documentation about his ability to pay for costs in the future, even though his affidavit made it

clear that his household expenses were more than his present income); *Denson v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 21506946, at *1-*2 (N.D. Ill. June, 27, 2003) (awarding costs even though the plaintiff was indigent because she did not demonstrate an inability to pay costs in the future).

Accordingly, while the Court sympathizes with Plaintiff's circumstances, it cannot conclude that he is indigent and unable to pay costs now or in the future on the basis of the documentation provided. The Court therefore denies Plaintiff's request for relief from taxation under this exception.

## II.   Allowable costs under Rule 54(d)

Plaintiff argues, in the alternative, that Defendant's award of costs should be reduced by the following amounts: (1) $5.50 for delivery charges; (2) $30.00 for condensed deposition transcript (or "minuscript") charges; and (3) $53.25 for exhibit photocopy charges. (R. 82, Pl.'s Resp. at 3.) The Court addresses each of these arguments in turn.

### A.   Delivery charges

Defendant seeks to recover $5.50 for the charges associated with the delivery of Plaintiff's deposition transcript. (R. 67, Def.'s Bill of Costs at 4.) Plaintiff argues that this charge is not taxable because delivery charges are considered ordinary business expenses. (R. 82, Pl.'s Resp. at 1.)

Delivery costs are not explicitly mentioned in 28 U.S.C. § 1920. Generally postage, shipping, and delivery costs are considered "ordinary business expense[s] and may not be charged in relation to obtaining transcripts." *Rodgers v. City of Chi.*, No. 00 C 2227, 2002 WL 423723, at *2 (N.D. Ill. Mar. 15, 2002) (citing VI Judicial Conference of the United States, Guide to Judiciary Policies and Procedures, Court Reporters Manual, Ch. [2, § 206.50.20]); *see*

*also SP Techs., LLC v. Garmin Int'l, Inc.*, No. 08 CV 3248, 2014 WL 300987, at *4 (N.D. Ill. Jan. 10, 2014) (disallowing costs associated with the shipping or delivery of deposition transcripts); *Heneghan v. City of Chi.*, No. 09 C 759, 2011 WL 4628705, at *2 (N.D. Ill. Oct. 3, 2011) (the court "has repeatedly held that shipping and delivery fees constitute an ordinary business expense, and as such will not award them in this case"); *Gallagher v. Gallagher*, No. 07 CV 4196, 2010 WL 2610192, at *3 (N.D. Ill. Jun. 25, 2010); *Hall v. Chicago*, No. 98 C 4682, 2003 WL 21518536, at *2 (N.D. Ill. Jul. 2, 2003). The Seventh Circuit has held that a district court has the discretion to tax as costs delivery charges incidental to the taking of a deposition when the charges are determined to be reasonably necessary. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995); *see also Little v. Mitsubishi Motors N. America, Inc.*, 514 F.3d 699, 701 (7th Cir. 2008). Here, however, Defendant has not explained why it incurred the delivery charge it requests, nor has it provided any rationale for why the Court should exercise its discretion to tax this particular charge. *See Chi. Bd. Options Exchange, Inc. v. Int'l Sec. Exchange, LLC*, No. 07 CV 623, 2014 WL 125937, at *3-*4 (N.D. Ill. Jan. 14, 2014) (denying costs for delivery charges because delivery was for defendant's convenience and was not reasonable and necessary); *Druckzentrum Harry Jung GmbH & Co. KG v. Motorola, Inc.*, No. 09-cv-7231, 2013 WL 147014, at *3 (N.D. Ill. Jan 11, 2013) (denying costs for delivery fees because defendant made no attempt to explain why the fees were reasonable or necessary); *Cleary v. Philip Morris Inc.*, No. 09 C 1596, 2010 WL 4039793, at *4 (N.D. Ill. Oct. 14, 2010). Accordingly, the Court deducts the $5.50 delivery charge from the overall costs awarded to Defendant.

### B. Minuscript charges

Defendant seeks to recover $30.00 for the minuscript versions of two deposition transcripts: Michele Brandon's deposition transcript and Dolores Allgood's deposition transcript. (R. 67, Def.'s Bill of Costs at 5.) Plaintiff argues that this charge is not taxable because condensed deposition transcripts are generally not recoverable. (R. 82, Pl.'s Resp. at 1-2.)

A prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Additionally, Northern District of Illinois Local Rule 54.1(b) provides that "only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed." N.D. Ill. L.R. 54.1(b); *see also Cengr v. Fusibond Piping Sys., Inc*, 135 F.3d 445, 456 (7th Cir. 1998) (demonstrating that under rules promulgated by the Judicial Conference, prevailing parties are permitted to recover for both an original deposition transcript and a copy of the transcript). Plaintiff is correct that some courts in this District have not permitted the recovery of fees for condensed transcripts. *See Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002); *Winery v. City of Chi*, No. 96 C 1208, 2000 WL 1222152, at *3 (N.D. Ill. Aug. 22, 2000). Other courts in this District, however, have permitted recovery for condensed transcript costs, noting that under Local Rule 54.1 the losing party can be taxed for the cost of a deposition transcript plus one copy. *See Rexam Beverage Can Co. v. Bolger*, No. 06 C 2234, 2008 WL 5068824, at *8 (N.D. Ill. Nov. 25, 2008) (holding that "[w]here the party seeking to recover costs elects to receive a condensed transcript in lieu of a full-sized copy," it is sensible to award the cost of a condensed transcript); *Angevine v. WaterSaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165, at *4 (N.D. Ill. Dec. 23, 2003) (holding that because the cost of the prevailing party's minuscript copy was significantly less

9

than what a full copy would have cost at the allowable per-page rate under Local Rule 54.1, it was reasonable to award the cost of the minuscript).

Here, similar to the prevailing parties in *Rexam* and *Angevine*, Defendant seeks to recover costs for a condensed transcript in lieu of a full-sized copy. Local Rule 54.1(b) entitles Defendant to a copy of each transcript for use by either counsel or the court. At the permitted rate of $0.90 per page, a copy of the deposition transcript for Brandon would have cost $83.70, and a copy of the deposition transcript for Allgood would have cost $47.70. *See* N.D. Ill. General Order, September 18, 2007. The fact that Plaintiff instead was charged $15.00 each for the two condensed transcripts is a cost-saving benefit to Plaintiff. The Court therefore finds it appropriate to award Defendant these costs. Accordingly, the Court will not deduct $30.00 from Defendant's deposition transcript fee request.

### C.     Exhibit photocopy charges

Defendant seeks to recover $53.25 for photocopies of deposition exhibits. (R. 67, Def.'s Bill of Costs at 5-7.) Plaintiff argues that this charge is not taxable because he provided copies of the deposition exhibits to defense counsel at the depositions. (R. 82, Pl.'s Resp. at 2.) Plaintiff also contends that this charge is not taxable because Defendant has provided no itemization reflecting the number of pages or the price per page for each exhibit, nor has Defendant explained why these copies were necessary. (*Id.*)

A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Thus, "[c]osts for exhibits are recoverable if the exhibits were reasonable and necessary, in that they aid in understanding an issue in the case." *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *3 (N.D. Ill. Jan. 23, 2007). The Seventh Circuit has

held that when the prevailing party is already in possession of the deposition exhibits, the charges for copying are not recoverable. *Cengr*, 135 F.3d at 456.

Plaintiff asserts that copies of the deposition exhibits were provided to defense counsel at all of the depositions he conducted. (R. 82, Pl.'s Resp. at 2.) Defendant fails to respond to Plaintiff's contention that it already had copies of the exhibits in its possession, and it also fails to make any arguments as to why the additional copies were necessary. Therefore, the Court declines to award Defendant the costs of the exhibit photocopies. *See Boyle v. Torres*, No. 09 C 1080, 2011 WL 899720, at *2 (N.D. Ill. Mar. 15, 2011) (declining to award the charges for deposition exhibit copies where defendants "put forward no argument or evidence that the exhibit copies were essential" and failed to show "that the deposition exhibits were anything other than extra copies of documents already within their possession"); *Fagbemi v. Spatz*, No. 08 C 3736, 2010 WL 3522946, at *4 (N.D. Ill. Sept. 2, 2010) (denying defendant's costs for copies of deposition exhibits because defendant was in possession of the exhibits prior to the taking of the depositions); *Srail v. Vill. of Lisle, Ill.*, No. 07 C 2617, 2008 WL 5272459, at *3 (N.D. Ill. Dec. 15, 2008). Accordingly, the Court deducts $53.25 for exhibit photocopying charges from the overall costs awarded to Defendant.

held that when the prevailing party is already in possession of the deposition exhibits, the charges for copying are not recoverable. *Cengr*, 135 F.3d at 456.

Plaintiff asserts that copies of the deposition exhibits were provided to defense counsel at all of the depositions he conducted. (R. 82, Pl.'s Resp. at 2.) Defendant fails to respond to Plaintiff's contention that it already had copies of the exhibits in its possession, and it also fails to make any arguments as to why the additional copies were necessary. Therefore, the Court declines to award Defendant the costs of the exhibit photocopies. *See Boyle v. Torres*, No. 09 C 1080, 2011 WL 899720, at *2 (N.D. Ill. Mar. 15, 2011) (declining to award the charges for deposition exhibit copies where defendants "put forward no argument or evidence that the exhibit copies were essential" and failed to show "that the deposition exhibits were anything other than extra copies of documents already within their possession"); *Fagbemi v. Spatz*, No. 08 C 3736, 2010 WL 3522946, at *4 (N.D. Ill. Sept. 2, 2010) (denying defendant's costs for copies of deposition exhibits because defendant was in possession of the exhibits prior to the taking of the depositions); *Srail v. Vill. of Lisle, Ill.*, No. 07 C 2617, 2008 WL 5272459, at *3 (N.D. Ill. Dec. 15, 2008). Accordingly, the Court deducts $53.25 for exhibit photocopying charges from the overall costs awarded to Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's bill of costs (R. 67) is GRANTED in part, and Defendant is awarded costs in the amount of $1,950.34.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

Dated: April 2, 2015